[S. F. No. 1219. Department One.—March 13, 1900.]

J. J. RAUER, Appellant, v. M. A. SILVA et al., Respondents.

LABORERS' LIENS—JUDGMENTS—ORDER FOR PAYMENT—APPEAL—QUESTION OF COSTS.—Upon appeal from an order for the payment of judgments and costs in favor of laborers, each of whom had served upon the plaintiff in an attachment suit his affidavit to establish a laborer's lien upon the money attached, and had within ten days thereafter sued the debtor and recovered the judgments, the only question which can arise in favor of the appellant, by reason of the recovery of such judgments, is one merely of costs.

ID.—DISPUTE OF CLAIMS—NECESSITY OF SUITS—INCOMPLETE SHOWING IN RECORD—PRESUMPTION UPON APPEAL.—Where the record upon such appeal merely shows that neither the plaintiff nor the sheriff disputed the claims, but does not show that the debtor did not dispute them, as he might have done, under section 1206 of the Code of Civil Procedure, it cannot be presumed upon the appeal that the suits were unnecessary; and the order appealed from will not be disturbed. If the suits were in fact unnecessary, the appellant must show it by the record.

ID.—SERVICE OF NOTICE OF CLAIMS UPON PLAINTIFF—CONFLICTING AFFIDAVITS—SUPPORT OF RULING.—Where the court ruled upon conflicting affidavits that the notice of the claims of the laborers was served upon the plaintiff, by deposit thereof with the clerk in charge of his office, its determination of that fact will be upheld, and it cannot be contended upon appeal that the plaintiff had no opportunity to dispute their claims.

ID.—ORDER IN ATTACHMENT SUIT—MOTION OF DEBTOR TO PAY JUDGMENTS.—The order to pay the judgments in favor of the laborers should properly be made in the attachment suit for the protection of the sheriff; and it might properly be made upon the motion of the debtor, who was the defendant therein.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the payment of judgments in favor of laborers by the sheriff from money in his hands. Edward A. Belcher, Judge.

The facts are stated in the opinion.

G. H. Perry, for Appellant.

James A. Devoto, for Respondents.

HAYNES, C.—Plaintiff brought an action in the superior court to recover from defendant Silva the sum of three hundred and seventy-three dollars upon an account, and a writ of attachment was issued therein, and thereafter judgment by default was rendered against Silva. The other defendants were fictitious persons. John O'Connor and Hakon Johnson each in due time served upon the plaintiff and the sheriff his affidavit to establish a laborer's lien upon the money attached, pursuant to the provisions of section 1206 of the Code of Civil Procedure, and within ten days thereafter commenced their several actions against Silva in justice's court, and afterward had judgment therein, O'Connor for seventy-five dollars and fifty cents, and Johnson for forty-five dollars and fifty cents, for labor performed by them for Silva within sixty days next preceding the levy of the attachment.

Afterward, defendant Silva served upon plaintiff notice of a motion for an order of the superior court directing the sheriff to pay out of the funds in his hands the amount of said justice's judgments to O'Connor and Johnson, respectively, and upon the hearing of said motion it was granted, and from the order granting it this appeal is taken by the plaintiff.

The bill of exceptions recites that O'Connor and Johnson severally served notice by affidavit upon the sheriff and plaintiff Rauer of their several claims for labor against Silva, as required by section 1206 of the Code of Civil Procedure, that the plaintiff did not deny or dispute, by affidavit or otherwise, the facts stated in the affidavits of O'Connor or Johnson, but that O'Connor and Johnson each commenced an action in justice's court against Silva alone for the amount claimed by each for labor performed by each respectively within sixty days next preceding the levy of said attachment.

It is contended by appellant that there was no necessity for these claimants to commence suit, unless the plaintiff "and the sheriff" disputed their claims. It is shown that the plaintiff did not deny or dispute them, but it does not appear but that the debtor did, and, if so, it became necessary for these claimants to bring suit within ten days, or be barred of their said claim. The statute does not require the sheriff to make any response to the claim, notice of which is served upon him for

his protection as well as for the protection of all parties interested. Said section 1206 provides, among other things, that: "If all or any of the claims so presented and claiming preference under this section are disputed by either the debtor or a creditor, the person presenting the same must commence an action within ten days for the recovery thereof, and must prosecute his action with due diligence, or be forever barred from any claim or priority of payment thereof."

As the plaintiff did not dispute these claims, or either of them, "within ten days after receiving notice" of them (section 1207), we fail to see how the order from which he appeals injures him, unless it be simply to the extent of the costs incurred in the justice's court; but we cannot on this record, which is absolutely silent as to whether the debtor disputed these claims, presume that the suit was unnecessary. If it was, it was the duty of the appellant to make it appear to this court by the record.

Appellant asserts in his brief that it affirmatively appears that notice of these claims were never served upon appellant. His bill of exceptions expressly states that notice was served by leaving it with the clerk in charge of appellant's office. It is true there is in the bill of exceptions the evidence upon which the court found that notice was served, viz, upon conflicting affidavits, the truth of which it was for the court below to determine; and this remark also disposes of the contention "that no opportunity was given appellant to dispute the claim."

It is further said that the notice of motion upon which the order appealed from is based was in the name of defendant Silva, and not in that of O'Connor and Johnson, the real parties in interest. The writ of attachment under which the money was made by the sheriff was issued in the case of *Rauer v. Silva,* and it was proper, for the protection of the sheriff, that the order should be made in that case.

I advise that the order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.